This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Howard Walton appeals the order of the Medina County Court of Common Pleas convicting him of burglary and sentencing him to fourteen months in the Lorain Correctional Institution. This Court affirms.
 I.
A Medina County Grand Jury returned an indictment charging Walton with one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree.
A jury found Walton guilty of the lesser included offense of burglary in violation of R.C. 2911.12(A)(4), a felony of the fourth degree. Walton was then referred to the Medina County Adult Probation Department for a pre-sentence investigation. Prior to his sentencing hearing in the casesub judice, a jury found Walton guilty of theft in violation of R.C.2913.02 and Walton was sentenced accordingly. In this case, the trial court sentenced Walton to fourteen months in prison, with credit for 236 days served.
Walton timely appealed, and has set forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT TO FOURTEEN MONTHS IN PRISON FOR A FELONY OF THE FOURTH DEGREE BECAUSE WHEN IT IMPOSED SENTENCE IT MADE A FINDING WHICH THE JURY HAD SPECIFICALLY REJECTED.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT TO MORE THAN THE MINIMUM PRISON SENTENCE WHEN HE HAD NOT PREVIOUSLY SERVED A PRISON TERM.
In both assignments of error, Walton has argued that the trial court erred in imposing a prison sentence of fourteen months. For ease of discussion, both assignments of error will be addressed together.
Walton first assigns as error the fact that the trial court made a finding that the jury had rejected. Walton was indicted on one count of aggravated burglary. However, the jury found him guilty of the lesser included offense of burglary.
In order to find an individual guilty of aggravated burglary, the jury must find that the defendant inflicted, attempted or threatened to inflict physical harm on another. R.C. 2911.11(A)(1). In this case, the jury found Walton guilty of burglary, which does not require such a finding. R.C. 2911.12(A)(4). Before imposing sentence, the trial court noted: "The Court has considered the factors under Revised Code Section2929.13(B) and finds the following: physical harm to a person." Walton argues that he was prejudiced by the trial court's finding that he caused physical harm to another, because such a finding mandated that he receive a prison sentence.
Our standard of review is controlled by R.C. 2953.08(G)(2), requiring this Court to determine if the trial court clearly and convincingly acted contrary to law or the record. Clear and convincing evidence is that "`which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
This Court has previously set forth the process that a trial court must follow when sentencing one who has been convicted of a felony. State v.Halgrimson (Nov. 8, 2000), Lorain App. No. 99CA007389, unreported, appeal not allowed by (2001), 91 Ohio St.3d 1471 . A prison term may be imposed in two ways. If the court makes a finding that at least one factor enumerated in R.C. 2929.13(B)(1) is applicable, the court then reviews whether a prison term is consistent with the purposes of sentencing. R.C. 2929.13(B)(2)(a). In doing so, the court is guided by the seriousness and recidivism factors enumerated in R.C. 2929.12(B) and (C), but may also consider all other relevant factors. The court then considers the factors contained in R.C. 2929.12(D) and (E), and all other relevant factors, to determine whether the defendant is amenable to community control. R.C. 2929.13(B)(2)(a) and 2929.12(D) and (E). If the court finds after this review that (1) a prison term is consistent with the purposes of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term. R.C. 2929.13(B)(2)(a).
In sum, if a trial court finds that one of the factors listed in R.C.2929.13(B) is applicable, the court must also find: (1) that a prison term is consistent with the terms of felony sentencing; and (2) the offender is not amenable to community control; before it is required to impose a prison term. The fact that a trial court finds that one of the factors listed in R.C. 2929.13(B) exists, in and of itself, is not dispositive of whether a defendant will receive a prison term.
A prison term may also be imposed when the trial court does not make a finding that at least one factor under R.C. 2929.13(B)(1) is applicable to the defendant. In this situation, the trial court reviews whether community control is consistent with the purposes and principles of felony sentencing in the individual case by considering, again, the factors enumerated in R.C. 2929.12(B) through (E). R.C. 2929.13(B)(2)(b). If appropriate under the circumstances, the trial court is required to impose a sentence of community control. If not, the court retains its broad discretion to fashion a sentence consistent with R.C. 2929.11(A). R.C. 2929.13(A). See, also, State v. Sims (Dec. 9, 1998), Summit County App. No. 19018, unreported.
In this case, the trial court found that one of the factors listed in 2929.13(B), physical harm to a person, was present in the case. The court also found that a prison term was consistent with the terms of felony sentencing. After a review of Walton's criminal record, the trial court concluded that Walton was not amenable to community control. In addition, the trial court found that Walton's relationship with the victim facilitated the offense. R.C. 2929.12(B)(6).
Assuming, without deciding, that the trial court erred in finding that physical harm to a person existed, such error would be harmless. Walton could have received a prison sentence based on the court's finding that Walton's relationship with the victim facilitated the offense and that Walton was not amenable to community control without a finding that one of the factors listed in 2929.13(B) existed. Sims, supra.
In his second assignment of error, Walton contends the trial court erred in sentencing him to more than the minimum prison sentence because he had not previously served a prison term.
R.C. 2929.14 governs the imposition of prison terms for felony convictions, stating:
 (A) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
* * *
 (4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
* * *
 (B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The Supreme Court of Ohio has interpreted this statute to require that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term in R.C.2929.14(B) warranted the longer sentence. State v. Edmonson (1999),86 Ohio St.3d 324, 326. However, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis original.) Id.
The record reflects that the trial court considered the purposes of felony sentencing under R.C. 2929.11, the serious and recidivism factors under R.C. 2929.12, and the sentencing guidelines under R.C. 2929.13. In addition, the trial court stated on the record that it found: (1) that a lesser sentence would demean the seriousness of the offense and would not adequately punish the offender and protect the public from future crime; and (2) that a six month sentence would demean the seriousness of Walton's conduct. Accordingly, this Court concludes that the trial court made the proper findings on the record when sentencing Walton to a prison term greater than the minimum.
 III.
This Court finds both of Walton's assignments of error to be without merit. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J., CONCUR.